BEFORE THE FIRST DIVISION, JULY 6, 1945

**No. 50343.**—Protest 41290–K of Pacific Customs Brokerage Co. (Portland, Maine)

Opinion by OLIVER, P. J. It was stipulated that the lumber is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed upon the basis of the actual amount of lumber imported. The claim was therefore sustained as to the planed, tongued, and/or grooved lumber in question.

**No. 50344.**—Protests 63848–K, etc., of Hipage Co. (Norfolk).

' Opinion by OLIVER, P. J. It was stipulated that the flitches and half logs are the same in all material respects as those the subject of *United States* v. *Dixie Veneer Co., Inc.* (32 C. C. P. A. 75, C. A. D. 288), which record was admitted in evidence herein. In accordance therewith it was held that the merchandise is entitled to entry free of duty under paragraph 1803, Tariff Act of 1930, and not subject to the internal revenue tax assessed.

**No. 50345.**—Protests 100677–K, etc., of Thompson Mahogany Co. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of mahogany lumber, planed on one side by so-called "hit-and-miss" planing, the same in all material respects as that the subject of *Thompson Mahogany Co.* v. *United States* (13 Cust. Ct. 204, C. D. 894). In accordance therewith it was held that the merchandise is entitled to free entry under paragraph 1803, but is subject to the internal revenue tax assessed.